## LUKE McCALL v. STATE.

152 So. 19.

Opinion Filed January 8, 1934.

*Davis & Davis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—Luke McCall was convicted in the Circuit Court of Madison County of manslaughter and sentenced therefor to six years confinement in State prison. The evidence in the case shows that defendant shot deceased three times and that while deceased was prostrate on the ground and helpless, that he then cut his throat. The indictment charged murder in the first degree by shooting and cutting, the charge of murder being stated in only one count in the indictment. The defendant admitted the killing, but claimed the right to be acquitted on the ground of self defense..

If there was error in denying defendant's motion to require the State to elect on whether it would rely on proof of the shooting or cutting of deceased's throat, as the proximate cause of death, it was rendered harmless by the fact that there was ample evidence produced by the State from which the jury could have reasonably inferred that death resulted from a concurrence of the shooting and cutting with a knife specifying in the indictment.

The trial judge gave the jury what was perhaps his usual "stereotyped" form of jury charge which embraces some abstract statements of homicide law not applicable to the facts shown in the present case. Likewise the court refused one or more special charges requested by defendant which, undoubtedly, out of the abundance of caution to safeguard the defendant's rights, might have been more properly given than refused under the circumstances appearing at the trial.

But a consideration of the entire record shows that the evidence of guilt is clear, and that no fundamental rights of the accused were violated. Therefore, the conviction, which is of a lesser degree of homicide than the evidence would have sustained, should not be reversed.

Affirmed.

WHITFIELD, ELLIS and BUFORD, J. J., concur.